UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-23869-Civ-COOKE/TORRES

JESUS CORDERO,

    Plaintiff,

vs.

CITY OF CORAL GABLES, a
Florida municipal corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

This is an employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01, *et seq.* I have jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Pending is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, or, in the Alternative, Motion to Strike for a More Definite Statement (ECF No. 21). For the reasons that follow, I grant the motion.

### BACKGROUND

Plaintiff Jesus Cordero, a black Dominican male and employee of Defendant City of Coral Gables, has worked for Defendant continuously since May 2000. (ECF No. 16 ¶¶ 11, 14). He was hired as an "Entry Level Service Worker II." (*Id.* ¶ 14). Sometime in 2002 or 2003, he was promoted to "Automotive Mechanic" (a level 17C classification),[1] which is his current employment classification. (*Id.*). Cordero also is a Union Steward for Teamsters Local 769 in Miami Dade Florida, has engaged in various union activities, and has assisted in filing grievances against the City of Coral Gables throughout the relevant time period. (*Id.* ¶ 16).

---

[1] The City of Coral Gables operates on a "Classification and Pay Plan" model, wherein each job title has a pay grade classification ranging from 8E (lowest pay grade) to 44E (highest pay grade). (ECF No. 16 ¶ 13).

1

In March 2015, Cordero applied for the position of Fleet Analyst. (*Id.* ¶ 19). Defendant denied his application without an interview. (*Id.*). Instead, Defendant hired Jean-Pierre Pacheco, a white Italian-Columbian male. (*Id.*). Cordero alleges Defendant hired Pacheco despite the fact that Cordero had superior qualifications. (*Id.*).

Cordero's Union filed a grievance on his behalf alleging violation of the Collective Bargaining Agreement ("CBA") between the Union and Defendant. (ECF No. 21-2). The arbitrator ruled that Defendant breached the CBA, and instructed it to interview Cordero as if the position were still open, and if he was a better fit for the position than Pacheco, to transfer Pacheco to his old position and transfer Cordero to the Fleet Analyst position. (ECF No. 21-2 at 12). Conversely, if, after interviewing Cordero, Defendant decided not to make a change, it simply needed to inform Cordero that it had abided by the arbitrator's award and the status quo remained. (*Id.*). Defendant interviewed Cordero as per the arbitrator's instructions, but did not end up offering him the position. (ECF No. 16 ¶ 21).

Cordero filed a charge against Defendant with the EEOC, which included an explanation of the grounds for the charge. (ECF No. 21-1). Cordero's narrative alleges he was discriminated against because of his race and national origin, but does not allege he was retaliated against because of his Union position and/or the grievance the Union filed on his behalf. (*Id.* at 4). The EEOC reviewed the charge and issued Cordero a Notice of Right to Sue. (ECF No. 16-1).

Cordero brings suit under 42 U.S.C. § 2000e, *et seq.*, and and the Florida Civil Rights Act ("FCRA") for race and national origin discrimination (Count I), and retaliation (Count II). He claims Defendant violated his civil rights by continuously denying him a lateral transfer despite his qualifications for the position, and retaliated against him for engaging in protected activity as Steward for the Union. He seeks back pay, compensatory damages, promotion, injunctive relief and attorney's fees.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 10(b) mandates that "each claim [be] founded upon a separate transaction or occurrence." A proper complaint "will present each

claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming." *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996); *Cesnick v. Edgewood Baptist Church*, 88 F.3d 902, 905–07 (11th Cir. 1996) (dismissing a "shotgun" pleading framed in complete disregard of the principle that separate causes of action should be plead in separate counts.").

The complaint must "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

Defendant asserts two grounds for dismissing Cordero's Complaint: (1) Count II's allegation that Cordero engaged in a statutorily protected activity as a Steward for the Union falls outside the scope of the charge filed with the EEOC; and (2) Count I "appears to incorporate claims that were not within the scope of the charge of discrimination filed with the EEOC," and also fails to state a claim of discrimination.[2] (ECF No. 21).

### A. Count II Outside Scope of EEOC Charge

Before bringing a Title VII action in federal court, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC and then obtaining a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). The FCRA, like Title VII, also requires exhaustion of administrative remedies prior to bringing suit. Fla Stat. § 760.07. Allegations of new acts of discrimination that are offered as the essential basis for judicial review are not appropriate

---

[2] Alternatively, Defendant argues that "both counts contain irrelevant and immaterial allegations" which "should be struck from the First Amended Complaint or, to insure that there is a clear statement of Plaintiff's claim, the Court should require that Plaintiff provide a more definite statement of each count." (ECF No. 21 ¶ 7).

absent prior EEOC consideration. *Kelly v. Dun & Bradstreet, Inc.*, 557 F. App'x 896, 899 (11th Cir. 2014). The scope of the judicial complaint is limited to the allegations made in the charge of discrimination and claims that can reasonably be expected to grow out of the charge of discrimination. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). A claim can be reasonably expected to grow out of a charge of discrimination if it is "like, related to, or grew out of," the allegations contained in a charge. *Id.*

Cordero admits, "a judicial complaint filed after an EEOC charge of discrimination is limited to claims that can reasonably be expected to grow out of its charge of discrimination." (ECF No. 21 at 5). He argues, however, that the retaliation claim stated in the First Amended Complaint ("FAC") "clarifies" the allegations in his EEOC complaint, "and does not allege new acts of discrimination." (ECF No. 25 at 4). He further contends, "Defendant's act of discrimination in failing to hire him was in retaliation for Plaintiff's engaging in ongoing activities as a Shop Steward." (*Id.*).

Cordero's arguments are unpersuasive. The retaliation claim stated in the FAC is completely unrelated to anything stated in the EEOC charge and does nothing to "clarify" it. The EEOC charge never even mentions that Cordero was a Steward for the Union. (ECF No. 16-1 at 4). Because the facts alleged in Cordero's EEOC charge do not encompass a retaliation claim, Count II is procedurally deficient. *Green v. Elixir Indus., Inc.*, 152 F. App'x 838, 840-41 (11th Cir. 2005). Accordingly, I dismiss Count II.[3]

### B. Count I Fails to State a Viable Claim

A plaintiff alleging retaliation under § 2000e must establishas part of his prima facie case, *inter* alia, that he suffered so-called "adverse employment action." *See Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238 (11th Cir. 2001) (collecting cases). Defendant argues that denial of a lateral transfer is not an adverse employment action. Cordero responds that he suffered an adverse employment action because he lost out on increased "prestige." (ECF No. 16 ¶ 33). He also alleges:

> Even though the position of Fleet Analysts was a lateral move, if Plaintiff had been awarded the position, his remuneration would have

---

[3] Plaintiff also argues that because he checked the retaliation box on the EEOC charge, Defendant was on notice of Plaintiff's intention to pursue a retaliation claim. That, however, is not the standard. The checkboxes on a charge of discrimination are conclusions, not facts. *Barkley v. Gadsden Cty. Schs.*, 2009 WL 1735784 (N.D. Fla. 2009).

> increased. The Fleet Analyst position would have provided the Plaintiff the opportunity for getting additional remuneration because of additional over time made available for the position. Most importantly, the Fleet Analyst position would have served as a stepping-stone into a management position and provides for additional training benefits. The Fleet Analyst position would have allowed Plaintiff to periodically serve a supervisory role during times when management is out for vacation or otherwise not in the office. In essence, the Fleet Analyst position would have facilitated a path to an eventual management position as well as additional income from the overtime normally afforded to a Fleet Analyst.

(*Id.* ¶ 41).

The Eleventh Circuit has held that a "purely lateral transfer . . . if not accompanied by any change in position, title, or salary, and that does not require significant retraining or result in loss of prestige or opportunities for promotion is not an adverse employment action." *Greene v. Loewenstein, Inc.*, 99 F. Supp. 2d 1373, 1382 (11th Cir. 2000). Although the FAC alleges a reduction in future prestige, pay, and likelihood of promotion, those allegations are purely speculative, and are insufficient to meet Cordero's burden. *See Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001) ("Although [Title VII] does not require proof of direct economic consequences in all cases, the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment."). I therefore also dismiss Count I.

## CONCLUSION

In light of the foregoing, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, or, in the Alternative, Motion to Strike for a More Definite Statement (ECF No. 21) is **GRANTED.** Plaintiff's Amended Complaint (ECF No. 16) is **DISMISSED** *with prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.[4]

---

[4] The hearing scheduled for March 14, 2018 (ECF No. 43) is cancelled.

**DONE and ORDERED** in chambers at Miami, Florida, this 26th day of February 2018.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*